In the Matter of EDISTO RESOURCES CORPORATION, a Delaware corporation, et al., Debtors.

EDISTO RESOURCES CORPORATION and NRM Operating Company, L.P., Plaintiffs,

v.

Bruce W. McCONKEY, Benjamin Kirkham and Jennings Boyce, Defendants.

Nos. 92–1345 to 92–1350. Adv. No. 93–54.

United States Bankruptcy Court, D. Delaware.

Sept. 9, 1993.

Jack L. Kinzie, Baker & Botts, L.L.P., Van Oliver, Todd R. Moore, Andrews & Kurth, L.L.P., Dallas, TX, Bobbie T. Shell, Baker & Botts, L.L.P., Houston, TX, Laura Davis Jones, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for debtors.

Paul P. Welsh, Karen A. Jacobs, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for defendants.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

This is the court's decision on the motion in the above adversary proceeding by defendants Bruce W. McConkey, Benjamin Kirkham and Jennings Boyce to dismiss or for summary judgment. It is apparent to the court that matters other than the allegations of the adversary complaint will be considered, and therefore the court considers only the motion for summary judgment. The parties agree this is a core proceeding.

### I. *Legal Standard*

On a motion for summary judgment, the record consists of the pleadings, admissions and affidavits of the parties. In considering the motion, the court will grant summary judgment only if in viewing that record in the light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Bankr.R. 7056. Applying this standard, the following facts are appropriate to consider and are sufficient to discuss the legal issues.

## II. *Facts*

Edisto, Inc. and NRM Operating Company, L.P. filed Chapter 11 petitions in this court in October 1992. McConkey, Kirkham and Boyce (the McConkey group) are minority shareholders in Multiflex International, Inc., a Texas corporation. Edisto and NRM own approximately 80% of the shares of Multiflex. The McConkey group owns the remainder of the shares.

Bruce McConkey is a director of Multiflex. Pre-petition and through May 1993, the three other directors of Multiflex were James R. McNab, Jr., David N. Broussard, and Thomas Pickett. McNab was also the chairman of the board and chief executive officer of Edisto; Broussard was the president of Edisto; and Pickett was assistant vice president of Edisto.

In January 1993 (after the petition date), the McConkey group filed a lawsuit in Texas State Court on behalf of themselves and derivatively on behalf of Multiflex. The Texas action alleges mismanagement of Multiflex by defendants McNab, Broussard, Pickett.[1] The action seeks damages and the appointment of a receiver.

In March 1993 Edisto and NRM filed an adversary proceeding in this court against the McConkey group alleging that the filing of the Texas action and the requests for relief therein violate the automatic stay of 11 U.S.C. § 362(a) and seeking damages and injunctive relief. Initially the complaint sought an injunction only through the effective date of the plan; however, the complaint was amended to seek a permanent injunction.

Before the hearing on Edisto's request for a preliminary injunction, the McConkey group entered into a stipulation consensually enjoining themselves from proceeding in the Texas action for about one month. Prior to the expiration of that stipulation, the McConkey group consented to an order essentially extending the injunction through September 21, 1993, the date scheduled for this court's hearing of the merits of this adversary proceeding.

A plan of reorganization for Edisto, NRM and other related debtors was confirmed on May 27, 1993, and became effective on June 29, 1993.

## III. *The requests for relief in the Texas action violate the automatic stay.*

The McConkey group's motion for summary judgment argues that there was no stay violation, and that in any case, Edisto is not entitled to injunctive relief.

Under section 362(a)(3) of Title 11, the filing of a Chapter 11 petition:

> "operates as a stay, applicable to all entities, of—
>
>     *      *      *      *      *      *
>
> any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

Edisto proffers three reasons for concluding a § 362(a) violation occurred here. It argues that the Texas action's request for a receiver interferes with Edisto's right under Texas corporation law as a majority shareholder to control Multiflex. Edisto next argues that the nature of the relief requested in paragraph 23 (which is discussed in section III.B) of the Texas complaint seeks to bar Edisto from sharing in the proceeds of the derivative suit. Finally, Edisto argues that when the debtor is the majority shareholder, a non-debtor minority shareholder can not file a derivative action post-petition. The court agrees with the first two arguments and finds it unnecessary to address the third.

### A. *The request for a receivership violates the automatic stay.*

■ Whether the McConkey group's request for a receiver violates the automatic stay is apparently an issue of first impression. The cases cited by the McConkey group are not particularly helpful, as they

---

1. Multiflex was also named as a defendant in connection with a breach of employment claim by McConkey. That claim is not relevant to the issues presently before the court and will not be discussed.

deal with attempts to exercise control over the non-debtor corporation's assets, not over the management of that corporation. The closest case cited by either of the parties on the receiver issue is *In re Colonial Realty Co.*, 122 B.R. 1 (Bankr.D.Conn. 1990). In that case the debtor had an agreement with the owner of real property in California to manage that property. The owner defaulted on its loan for the purchase of the property, and the secured lender (and the defendant in the *Colonial Realty* case) subsequently obtained a court-appointed receiver in the context of a California foreclosure action. The *Colonial Realty* court held that the defendant lender's acts "in removing the debtor from such management control were direct acts to obtain possession of· property of and from the estate." *Id.*, at 4.

"Property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). At the commencement of their Chapter 11 cases, Edisto and NRM jointly held approximately 80% of the common stock of Multiflex, a Texas corporation. Under Texas law, shareholders elect the directors of the corporation, Tex.Bus.Corp.Act Ann. art. 2.32 (West Supp.1993), and "the business and affairs of a corporation [are] managed under the direction of, the board of directors." Art. 2.31. At the commencement of the Chapter 11 cases, McNab, Broussard, and Pickett, all officers of Edisto, constituted ˙a majority of the Multiflex board.

Paragraph 12 of a Multiflex shareholder agreement (attached to the affidavit of McConkey) contemplates these statutory provisions and that Edisto controls Multiflex.[2]

The receivership relief requested by the McConkey group in the Texas action is as follows:

> Pursuant to Article 7.05 of the T.B.C.A., plaintiffs would show that the acts of McNab and Broussard, as directors and in control of the corporation were and are oppressive. Plaintiffs therefore pray for the appointment of a Receiver to conserve the assets and business of Multiflex and to avoid damage to the plaintiffs.

Texas Complaint, ¶ 24. Article 7.05 of the Texas Business Corporation Act, entitled "Appointment of Receiver to Rehabilitate Corporation," allows a Texas court under appropriate circumstances to appoint a receiver "to conserve the assets and business of a corporation and to avoid damage to parties at interest...." Art. 7.05(A) (West 1980). Of particular significance here, article 7.05(B) (emphasis added) states:

> In the event that the condition of the corporation necessitating such an appointment of a receiver is remedied, the receivership shall be terminated forthwith and *the management of the corporation shall be restored to the directors and officers*, the receiver being directed to redeliver to the corporation all its remaining properties and assets.

The court compares Edisto's property rights under Texas corporation law with the requested receivership relief, and reaches the inescapable conclusion that the relief would usurp the management role of the directors and control a joint interest of Edisto and NRM.

### B. *The request for relief of paragraph 23 violates the automatic stay.*

▮ Paragraph 23 of the Texas action (emphasis added) states:

> The actions and omissions of McNab and Broussard have caused substantial damage to the value of the shares of stock in Multiflex. Plaintiffs, on behalf of Multiflex, seek damages from McNab and Broussard for the diminution and value of the stock of the company. Plaintiffs *further* pray that the majority shareholders not share in any recovery against McNab and Broussard, since the majority

---

**2.** That paragraph, entitled *Non–Competition and Corporate Opportunities,* states in part: "So long as [Edisto] shall possess, directly or indirectly, the power to direct or cause the direction of the management and policies of [Multiflex] ... Edisto will not...." The remainder of the paragraph describes a non-competition clause.

shareholders are controlled by McNab and Broussard.

Edisto argues that while a true derivative suit is brought on behalf of the corporation on behalf of all shareholders, the third sentence of paragraph 23 seeks to affect the property rights of Edisto and NRM as shareholders. This argument is buttressed by the Texas complaint's final prayer for relief, which states in part:

> [The McConkey group] respectfully pray that ... *plaintiffs* have and recover from the defendants *all* actual damages, exemplary damages, attorneys fees....

Texas Complaint, ¶ 24 (emphasis added). In response, the McConkey group argues that the complaint expressly refrains from trying to exercise control over Edisto's share of the claims. However, nowhere does the complaint suggest an apportionment of the damages between the McConkey group, who are 20% holders, and the Edisto/NRM 80% shareholders. The complaint speaks in broad and general terms; the McConkey group's attempted narrow and contorted construction conflicts with the complaint's plain language. In summary, paragraph 23 and the requested receivership relief of the complaint attempt to exercise control over property of the estates of Edisto and NRM. These provisions of the complaint violate the automatic stay.

### IV. *The claim for an injunction is denied.*

■ Edisto's first claim for relief is for a permanent injunction past the effective date of the plan "as a sanction for the Defendants' willful violations of the automatic stay and to enforce the property rights of the Reorganized Company." First Amended Complaint, ¶ 11. The court has the power to issue such an injunction, 11 U.S.C. § 105, and the undisputed record is sufficiently developed to determine whether such an injunction is appropriate in this case for either of the two reasons Edisto asserts.

As to the alleged "willful violations of the automatic stay," the automatic stay has been lifted by operation of law and the plan. 11 U.S.C. § 362(c). In particular, the fundamental purposes for the automatic stay—preventing a race to the courthouse by creditors, allowing the debtors a breathing spell from creditors and to provide the debtors with time to formulate a repayment or reorganization plan—no longer exist. The McConkey group has already stipulated to the injunctive relief Edisto requested for a period of time extending well past the effective date. Thus Edisto has received the full benefits of the automatic stay in the context of the Texas action.

As to the second proffered reason for issuing a permanent injunction, Edisto's ability to protect its property rights, Edisto can do so without an injunction through the defense of the directors in the Texas action. Under these circumstances, as the McConkey group argues, issuing a permanent injunction is inappropriate. The present stipulated injunction shall dissolve on the agreed-upon date—September 21, 1993.

### V. *No punitive damages will be allowed.*

■ Edisto also claims damages pursuant to 11 U.S.C. § 362(h). While it is not clear from the adversary complaint whether the plaintiffs seek punitive damages, assuming they are, such a request will be denied. The law underlying the § 362(a) analysis of section III is not well-settled, and the McConkey group has cooperated in not prosecuting the Texas action. *Accord Garrity v. Hospital Consultants, Inc. (In re Neuman),* 128 B.R. 333, 338–39 (S.D.N.Y.1991) (reversing Bankruptcy Court's award of punitive damages against defendants where law regarding shareholder derivative actions against corporations related to the debtor was unclear, and the defendants offered to dismiss their action).

### VI. *The court will annul the violation of § 362(a).*

This leaves as alleged damages the fees and costs associated with prosecuting this adversary proceeding and defending the Texas action. The McConkey group has not argued that the plaintiffs are not entitled to any of these elements of damages. The amount of these fees and costs is the

only remaining issue to be litigated at trial. The court strongly urges the parties to reach an agreement as to the amount of damages prior to any trial date. Once this agreed-upon amount is paid by the McConkey group to the plaintiffs, the latter will be in the same position as if the automatic stay had never been violated. Thus, at that time, sufficient cause will exist under 11 U.S.C. § 362(d) to annul the stay to the extent it applies to the Texas action, and the court will do so.

An order in accordance with this Memorandum Opinion is attached.

## ORDER

AND NOW, September 9, 1993, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED THAT:

1. The defendants' motion for summary judgment, pursuant to Bankruptcy Rule 7056, on the plaintiffs' claim for damages under 11 U.S.C. § 362(h) is **DENIED.**

2. The defendants' motion for summary judgment on the plaintiffs' claim for injunctive relief is **GRANTED.** The present injunction shall dissolve on September 21, 1993.

3. As soon as is mutually convenient the parties shall negotiate in good faith on an agreed-upon amount of damages to which the plaintiffs are entitled. Upon the date of payment by the McConkey group to the plaintiffs of this amount, the stay of 11 U.S.C. § 362(a) will be annulled as to the Harris County, Texas action, *Bruce W. McConkey et al. v. James R. McNab, Jr. et al.*