In re **PEREGRINE SYSTEMS, INC. and Peregrine Remedy, Inc.,** Debtors.

Nos. 02–12740–JKF, 02–12741.

United States Bankruptcy Court, D. Delaware.

Sept. 8, 2004.

Christopher James Lhulier, Laura Davis Jones, Paula Ann Galbraith, Pachulski, Stang, Ziehl, Young & Jones PC, Howard A. Cohen, Drinker, Biddle & Reath LLP, Kimberly Ellen Connolly Lawson, Kurt F. Gwynne, Reed, Smith, LLP, Rosalie L. Spelman, Potter, Anderson & Corroon LLP, Hercules Plaza, Wilmington, DE, Scotta Edelen McFarland, Pachulski, Stang, Ziehl, Young, Jones, Los Angeles, CA, for debtors.

Ira M. Levee, Lowenstein, Sandier P.C., Roseland, NJ, Laurie Selber Silverstein, Potter, Anderson & Corroon LLP, Wilmington, DE, for plaintiffs.

Alfred Villoch, III, Young, Conaway, Stargatt & Taylor LLP, Wilmington, DE, Edmon L. Morton, Young, Conaway, Stargatt & Taylor, Wilmington, DE, M. Blake Cleary, Young, Conaway, Stargatt & Taylor, LLP, Wilmington, DE, Robert S. Brady, Timothy Patrick Cairns, Young, Conaway, Stargatt & Taylor LLP, Wilmington, DE, for Official Committee of Unsecured Creditors.

Jennifer Lee Scoliard, Joanne Bianco Wills, Stephanie Ann Fox, Klehr, Harrison, Harvey, Branzburg & Eller, Wlimington, DE, for Official Committee of Equity Security Holders.

Stephanie Ann Fox, Klehr, Harrison, Harvey, Branzburg & Ellers, Wilmington, DE, for Post-Emergence Equity Committee.

## Memorandum Opinion [1]

JUDITH K. FITZGERALD, Chief Judge.

Before this court are the following four motions: (1) Arthur Andersen Wirtschaftsprüfungsgesellschaft Steuerberatungsgesellschaft mbH's ("AA WPG") Motion for Reconsideration Pursuant to Fed. R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b) filed on June 13, 2003, Dkt. No.1995; (2) AA WPG's Motion for Determination that the Automatic Stay Does Not Apply to its German Action filed on March 18, 2003, Dkt. No. 1341; (3) AA WPG's Motion for Relief from Stay filed on November 11, 2003, Dkt. No. 2855; and (4) Peregrine Systems, Inc's Motion for Costs, Attorneys' Fees and Other Sanctions Under 11 U.S.C. § 362(h) filed on June 16, 2003, Dkt. No.2011. For the reasons set forth below, the court (1) DENIES AA WPG's Motion for Reconsideration; (2) DENIES AA WPG's Motion to Determine that the Automatic Stay Does Not Apply to its German Action; (3) DENIES AA WPG's Motion for Relief from Stay; and (4) GRANTS Peregrine's Motion for Costs, Attorneys' Fees, and Sanctions.

### *BACKGROUND*

On September 22, 2002, Peregrine Systems, Inc. and Peregrine Remedy, Inc. ("Debtors" or "Peregrine") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Debtors continued to operate their businesses and manage their affairs as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

The day after the Petition Date, Debtors filed a complaint for professional malpractice, fraud and breach of contract in California Superior Court, County of San Diego (the "California Action"), against AA WPG,[2] Arthur Andersen LLP, Arthur Andersen Worldwide S.C., Daniel Stulac, and additional "Doe" or unknown defendants ("State Court Defendants"). The complaint alleges that the defendants were retained by Peregrine to provide auditing, accounting and management consulting services, tax services, examination and review of SEC filings. In addition, Peregrine alleges that AA WPG performed auditing services during the period of time that incorrect financial statements had been prepared and audited. Thus, Peregrine alleges it suffered damage from AA WPG's alleged negligence, fraud and breach of audit and accounting duties.

In October, 2002, the California Action was removed to federal court, then referred to the United States Bankruptcy Court in Southern California, and then sent back to the United States District Court for the Southern District of California. On May 1, 2003, Peregrine's motion to remand to the California Superior Court was granted.

Thereafter, Peregrine attempted to serve AA WPG with the complaint, pursuant to the Hague Convention. However,

---

1. This Memorandum Opinion constitutes the court's findings of fact and conclusions of law. Usually the court includes in its Memorandum Opinions the names of counsel who appeared at hearings on behalf of the various parties in interest. In this instance, there are many. For the names of parties and counsel who appeared for them the reader is referred to the transcripts of the hearings held on May 28, 2003, Dkt. No.1934, and December 16, 2003, Dkt. No. 3176.

2. The defendant in the California Action is named as "AA Germany" in the complaint. AA WPG operated under the laws of Germany, with a seat in Eschborn, a suburb of Frankfurt. AA WPG engaged in the business of public accounting, qualified to audit public companies in Germany. *See* note 4, *infra*.

service could not be completed because on February 12, 2003, AA WPG changed its name to Ernst & Young Revisions—und Treuhandgesellschaft, mbH Wirtschaftsprüfungsgesellschaft, Steuerberatungsgesellschaft. *See* Motion for Relief from Stay Dkt. No. 2855, at 3, n. 8, citing Motion for Determination that ... Stay Does Not Apply, Dkt. No. 1341.

Just short of three months after the Petition Date, on or about December 19, 2002, AA WPG filed an action against the Debtors in Germany seeking declaratory relief (the "German Action") pursuant to title 2, part 1, of the German Code of Civil Procedure § 256 Zivilprozessordnung ("ZPO"). AA WPG's action acknowledges that Peregrine filed for chapter 11 protection in the United States on September 22, 2002. In the German Action AA WPG seeks a determination that it is not liable to Peregrine in tort or in contract. AA WPG claims entitlement to attorneys' fees and costs under German law.[3]

AA WPG alleges that the German Action is purely a defensive action in that it seeks no property, only a declaration that it is not liable to Peregrine in the California Action.[4] In addition, AA WPG alleges that because it is a German accounting firm, it is subject to oversight by the German Accounting Oversight Board and German law. AA WPG admits that it filed the German Action to obtain a procedural advantage in that action by serving Peregrine with the German Action before Peregrine served AA WPG with the California Action.

Five months after the Petition Date, AA WPG purportedly served Peregrine with the German complaint through the Consulate General of the Federal Republic of Germany and also through the United States Marshal's Service. Four months after the complaint was served, AA WPG filed a motion with this court seeking a determination that the automatic stay does not apply to its German Action.[5]

Debtors allege that because of AA WPG's willful violation of the automatic stay, Debtors have been forced to incur legal fees in connection with the German Action by having to retain counsel in Germany.

---

3. Under German civil law, the losing party is obligated to pay costs and attorneys' fees to the winning party. At the December 16, 2003, omnibus hearing, AA WPG informed the court that by affidavit and letter it has waived any right that it may have to seek costs and attorneys' fees in the German Action.

4. AA WPG asserts that it was not a named defendant in the California Action. At the May 28, 2003, omnibus hearing, counsel for Debtors indicated that Debtors would file a substitution with the California Superior Court properly naming AA WPG as a defendant. The California Superior Court entered an order on June 10, 2003, approving the substitution.

5. AA WPG specially appeared for the purpose of its motions before this court asserting that it had not submitted to personal jurisdiction here. However, AA WPG has filed substan-

tive motions with this court (motion for determination that stay does not apply and motion for reconsideration). By doing so AA WPG has submitted to the jurisdiction of this court. *Cf., In re Barto Technical Services, Inc.*, 1996 WL 16664 *5 (Bankr.W.D.Pa., Jan.16, 1996)(action for setoff raised as counterclaim seeking affirmative relief constitutes claimant's submission to bankruptcy court jurisdiction), citing *In re Lloyd Securities, Inc.*, 156 B.R. 750, 753 (Bankr.E.D.Pa.1993)(when creditor presents a claim against the estate, creditor subjects self to bankruptcy court's equitable powers). Moreover, this court has jurisdiction to enforce the automatic stay and has jurisdiction over estate property. Peregrine's cause of action against AA WPG constitutes estate property and the proceeds of any judgment Peregrine may obtain would be property of the estate. 11 U.S.C. § 541. Thus, AA WPG's action has a direct impact on the Debtors' estates.

Debtors filed their initial plan of reorganization and disclosure statement on January 20, 2003. The Fourth Amended Plan was confirmed on July 18, 2003, and the Plan became effective on or about August 8, 2003.

A. *AA WPG's Motion for Reconsideration and Motion to Determine that the Automatic Stay Does Not Apply to the German Action*

On March 18, 2003, AA WPG filed its Motion for Determination that the Automatic Stay Does Not Apply to its German Action for Declaratory Relief. Debtors filed their opposition on May 9, 2003.

The court heard oral agreement on the motion at the May 28, 2003, omnibus hearing. At the hearing, the court opined that the automatic stay applied and that the action was in violation of the stay and should be terminated without prejudice. In addition, the court stated that although it did not have the power to compel a German entity to dismiss a German suit, nor the authority to direct the German court to dismiss the action, it has power to enforce sanctions against a German entity that acted in violation of the automatic stay. Under applicable Third Circuit law, any orders or judgments entered against a debtor in violation of the stay is void. *See Constitution Bank v. Tubbs*, 68 F.3d 685 (3d Cir.1995); *In re Siciliano*, 13 F.3d 748 (3d Cir.1994).

AA WPG argued that it could not withdraw the action without prejudice. Although the court stated that this was a chance AA WPG took, the court did not want to prematurely require dismissal if it would result in withdrawal with prejudice.

However, because the Debtors' answer was due in the German Action, the court gave AA WPG a few days to determine whether it could suspend the German Action. In a bench ruling, the court directed AA WPG to obtain a court order suspending the German Action until this court had an opportunity to reconsider the motion for relief from stay filed by AA WPG. Transcript of May 28, 2003, at 88, Dkt. No.1934. The court also stated that if an order from the German court was not obtained, sanctions would be imposed. *Id.* A written order was entered requiring that by June 2, 2003, AA WPG

> file and serve under a Certification of Counsel with an order, translated into English [unless entered in English] from an appropriate judge in an appropriate German court that suspends the action commenced in Germany by AA WPG against Debtors until further order of this Bankruptcy Court .... If the required Certification of Counsel and Order are not timely filed, this hearing is continued ... at which time the court will hear Debtors' request for attorney's fees and costs and other appropriate sanctions for AA WPG's violation of the stay.

Order of May 28, 2003, Dkt. No.1904, related to Dkt. No. 1341 (Motion of [AA WPG] for Determination that the Automatic Stay Does Not Apply ...).

On June 13, 2003, AA WPG filed a motion to reconsider the Order of May 28, 2003, inasmuch as it had filed a motion in the German Action requesting a suspension of that action. *See* Motion for Reconsideration, Dkt. No.1995, at 3, ¶ 8.[6] The motion to reconsider attached a proposed

---

**6.** The Motion for Reconsideration repeatedly refers to an order of this court dated June 3, 2003. However, no such order can be located on the docket. Counsel for AA WPG filed its Certification of Counsel with respect to its Motion for Determination on June 2, 2003,

Dkt. No. 1890, but no order dated June 3, 2003, related to any of the motions presently before the court appears on the docket. The only order is that of May 28, 2003, cited in the text.

order changing the May 28 Order to provide that

AA WPG shall file and serve a Certification of Counsel stating that it has taken all steps within its power under German procedure to initiate the process of suspending the action commenced in Germany by AA WPG against the Debtors.

Dkt. No.1995. AA WPG asserted in the motion for reconsideration that it was unable to comply with the original order and instead had filed, on June 2, 2003, a Certification of Counsel with a Declaration of Ulrich Theune, Esquire, stating the actions AA WPG had taken with respect to the earlier order of this court. In the motion for reconsideration AA WPG requested that this court enter an order, *nunc pro tunc*, requiring only that AA WPG initiate the process of suspending the proceedings in Germany until this court could hear on the merits AA WPG's motion for determination that the stay does not apply. AA WPG stated its belief that it had satisfied the spirit of the earlier order.[7] Dkt. No.1995 at 3, ¶ 9.

Debtors object to the motion for reconsideration on the basis that AA WPG failed to satisfy either the spirit or the letter of this court's May 28, 2003, order. Debtors assert that AA WPG merely put in place a voluntary stay or suspension of the German Action. Debtors allege that AA WPG's motion fails to satisfy any of the requirements for obtaining reconsideration under Fed.R.Civ.P. 60(b). Thus, Debtors seek an order (1) finding that AA WPG has submitted to this court's jurisdiction by seeking affirmative relief; (2) im-

posing sanctions in the amount of Debtors' attorneys' fees and costs incurred in responding to the German action and defending AA WPG's motions in this court; and (3) requiring AA WPG's counsel to accept service of process of the California Action. Dkt. No. 2877, Objection to Motion for Reconsideration. *See also* Dkt. No.2011, Debtors' Motion for Sanctions.

### B. *AA WPG's Motion for Relief from Stay*

On November 11, 2003, AA WPG filed a motion for relief from stay. *See* Dkt. No. 2855. In its motion AA WPG asserts, *inter alia,* that because Peregrine's Plan was confirmed and became effective on or about August 8, 2003, (1) the automatic stay no longer applies; (2) however, if the stay is found to apply it should be annulled pursuant to § 362(d)(1) of the Bankruptcy Code, thereby allowing AA WPG to proceed with its German Action—in essence, granting retroactive relief from the stay; (3) that neither the Bankruptcy Code nor the Plan constrains the AA WPG German Action from going forward because the Plan does not bind AA WPG as a party, claimant, or otherwise, nor does it contain language that constrains the prosecution of the German Action; and (4) Peregrine's motion for sanctions should be denied.

AA WPG argues that it suspended the German Action and, therefore, the practical effect on Peregrine is the same as if the § 256 ZPO action were brought post-confirmation. AA WPG brought the action when it did to achieve priority of service and avoid losing the right to bring

---

7. Attached to a Certification of Counsel, Dkt. No. 1890, AA WPG filed the Declaration of Ulrich Theune, a German attorney of law, stating that he had filed a motion with the German court requesting a suspension of the German Action and indicated in that motion that AA WPG had agreed to allow Debtors an extension of time to answer the German com-

plaint. The declaration also stated that German civil procedural law does not provide for dismissal or withdrawal of the complaint without prejudice and that suspension of the German Action required Debtors' written consent. Any withdrawal or dismissal would have to be with prejudice.

the action. *See* Dkt. No. 2855, at 3. AA WPG argues that it could not withdraw the German Action without prejudice.[8] *Id.* AA WPG claims that if it violated the stay, the violation was purely technical and that Peregrine was not prejudiced since the German Action was ultimately suspended. In addition, AA WPG asserts, Peregrine was able to take full advantage of the "breathing spell" provided by the automatic stay.

Peregrine objects to the motion for relief from stay on the ground that the Plan and Confirmation Order extend the automatic stay permanently, enjoin AA WPG from proceeding further with the German Action, and prohibit it from bringing that same action today. *See* Objection of Peregrine Systems, Inc. to Motion . . ., Dkt. No. 2901, at 1, citing Confirmation Order at ¶¶ 31–32; Plan at XI.A. Peregrine argues that filing the German Action to preserve priority of service does not excuse or justify AA WPG's conscious violation of the stay. In addition, Peregrine asserts, if AA WPG had acted in good faith, it would have sought relief from the stay before filing the German Action. Peregrine avers that it has been prejudiced by having to hire German counsel to defend the German Action and that it has incurred attorneys' fees in responding to AA WPG's motions before this court. Moreover, AA WPG's argument that Peregrine has benefited from its breathing spell does not take into consideration that confirmation of the Plan provides a fresh start to the Reorganized Debtors, and that all prior claims and actions are permanently enjoined. Thus, Peregrine argues that AA WPG has not made a *prima facie* showing of cause to support relief from stay pursuant to § 362(d)(1), nor to support retroactive relief from the stay.[9]

AA WPG sought leave to file a reply to Peregrine's objection on the basis that it should be given an opportunity to respond to the allegations that AA WPG made affirmative misrepresentations to Peregrine and this court regarding AA WPG's proper corporate name. Dkt. No. 2999. On March 31, 2004, this court entered an order granting the motion for leave to file a reply. *See* Dkt. No. 3253.[10]

AA WPG's reply indicates that AA WPG passed a resolution at a shareholders' meeting on October 11, 2002, to change its corporate name and the name change became public record and binding on the company on February 12, 2003. *See* Dkt. No. 2999 at Exhibit A, at 3, ¶¶ 2, 3. AA WPG asserts that this information was provided in its motion for determination that the stay does not apply, Dkt. No. 1341, filed on March 18, 2003. AA WPG asserts that it did not make a claim for attorneys' fees and costs against Peregrine in the German Action, seeks no relief from Peregrine, and waived any right to an award of attorneys' fees provided by German civil law. AA WPG also asserts that its German Action is not duplicative of the California Action because "nothing is happening" in the latter and there is "[i]n

---

8. As discussed in more detail later in this Memorandum Opinion, this court finds that it is possible to withdraw the § 256 ZPO action without prejudice. However, if AA WPG was served with the California Action prior to refiling its German Action, it could no longer refile that action.

9. In its objection Peregrine states that exceptional circumstances must be shown to justify retroactive relief from the stay. Dkt. No.

2901 at 4, n. 2. Peregrine cites *In re Kissinger*, 72 F.3d 107, 108 (9th Cir.1995), for this proposition.

10. Although the motion was granted, there is no separate docket entry reflecting the filing of the reply. The citation is to the reply filed as an exhibit to the motion for leave to file the reply.

reality, ... no *action* in California". Dkt. 2999, Exhibit A, at 10 (emphasis in original)..

### C. *Peregrine's Motion for Costs, Attorneys' Fees and Other Sanctions*

On June 13, 2003, Peregrine filed a motion for costs, attorneys' fees, and other sanctions under § 362(h). Dkt. No.2011. Peregrine alleges that AA WPG could have withdrawn the German Action without losing the right to refile it. Peregrine cites the Declaration of Christian Scholz, its German counsel, which states that German laws of civil procedure ("ZPO") allow withdrawal of an action by the plaintiff filing a brief. Dkt. No.2011 at 4, ¶ 6. The motion further states:

> The withdrawal of the action ... needs no approval by the [German] court, and would not require approval of Peregrine, as no oral hearing has yet taken place in the action.... Although German law does not use the express term "without prejudice," if an action is withdrawn and the defendant is reimbursed for its statutory fees and costs in the first proceeding, the plaintiff can later file a second identical proceeding without suffering any preclusion by virtue of having withdrawn the first action.

*Id.* Peregrine seeks costs and fees of approximately $42,876.43 incurred through June 16, 2003, and additional fees incurred thereafter as result of AA WPG's violation of the stay and its failure to withdraw the German Action as ordered by this court. *See* Response of Peregrine Systems, Inc. to [AA WPG's] Motion for Sanctions, Dkt. No. 3164, Addendum. *See also* Motion for Sanctions, Dkt. No.2011, at 13. The total amount of fees and costs incurred by Debt-

ors as a result of AA WPG's violation of the stay is $110,368.21. Response ... to ... Motion for Sanctions, Dkt. No. 3164, Addendum.

AA WPG opposes the motion for sanctions, stating that it has done "Everything in its power" to suspend the German Action. Opposition ... to the Motion ... for ... Sanctions, Dkt. No. 2150 at 4. AA WPG blames Peregrine for not supplying the consent necessary to finalize the suspension with the German court. *Id.* AA WPG acknowledges that this court only ordered that the German Action be suspended, not terminated. *Id.* at 3.[11] However, Peregrine asserts that the court so ordered because AA WPG told the court that the German ZPO does not allow for withdrawal without prejudice and that was a misrepresentation. Motion for Sanctions, Dkt. No.2011.

In addition, AA WPG asserts that sanctions are inappropriate inasmuch as Peregrine has not met its burden under § 362(h) that there was a willful violation of the stay and that Peregrine suffered actual damage as result. Opposition to Motion for Sanctions, Dkt. No. 2150 at 15. AA WPG asserts that legal fees are allowable only to embellish actual damages, that Peregrine has not suffered damages. *Id.* at 16. AA WPG also asserts that even if it violated the stay, its actions were based on a "good faith" belief that it was not violating the stay because its German Action was "purely defensive". Opposition to Motion for Sanctions, Dkt. No. 2150 at 2, 6, 17. However, this court finds that AA WPG willfully violated the stay and that the attorneys' fees and costs incurred by Debtors as a result of AA WPG's actions constitute "actual damages." We note that

---

11. Another objection to the motion for sanctions was filed at Dkt. No. 2251 but it was designated on a cover sheet as "Informal". Although filed by a person using the designa-

tion "Esq.", it appears to be filed on behalf of the particular individual and not on behalf of AA WPG.

the Court of Appeals for the Third Circuit has held, in *In re Lansdale Family Restaurants, Inc.*, 977 F.2d 826, 829 (3d Cir. 1992), that "a creditor's 'good faith' belief that he is not violating the automatic stay provision is not determinative of willfulness under § 362(h). *In re University Medical Center*, 973 F.2d 1065, 1087–88 (3d Cir.1992); *In re Atlantic Business & Community Corp.*, 901 F.2d 325, 329 (3d Cir.1990)."

### D. *Additional Briefing Authorized by This Court*

At the December 16, 2003, hearing, the court heard oral argument on (1) AA WPG's motion for determination that the stay does not apply to the German Action; (2) AA WPG's motion to reconsider this court's order of May 28, 2003; (3) AA WPG's motion for relief from stay. In addition, the court authorized additional briefs on four discrete issues: (1) the propriety of sanctions under Third Circuit case authority; (2) the propriety of the remedy of dismissal; (3) international comity with respect to the injunction; and (4) the standards pending in the § 256 ZPO action. *See* Transcript of December 16, 2003, Dkt. No. 3176, at 89.

AA WPG timely filed its supplemental memorandum on certain open issues on January 30, 2004. Dkt. No. 3112. It argued that (1) *Matter of M. Frenville Co., Inc.*, 744 F.2d 332 (3d Cir.1984), *cert. denied* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985), is the controlling law in this circuit, that AA WPG did not violate the automatic stay and, therefore, there is no basis for sanctions; (2) in the alternative, if there was a violation of the stay, under *Matter of Edisto Resources Corp.*, 158 B.R. 954 (Bankr.D.Del.1993), there was no harm to Peregrine and the stay should be annulled; (3) an order of this court directing AA WPG to dismiss the German Action would contradict binding Third Circuit precedent announced in *Stonington Partners, Inc. v. Lernout & Hauspie Speech Products N.V.*, 310 F.3d 118 (3d Cir.2002); (4) the principles of international comity dictate that the German Action proceed because Peregrine has emerged from bankruptcy; (5) § 256 ZPO is a defensive tool; and (6) any sanctions ordered by this court should be minimal.

Peregrine filed its response on February 17, 2004, Dkt. No. 3164, and supporting affidavits, Dkt. Nos. 3165, 3166, on February 18, 2004.[12] Peregrine argues that (1) it is entitled to recover costs and attorneys' fees; (2) dismissal of the German Action is an appropriate remedy for violation of the stay; (3) considerations of international comity do not require restraint in requiring dismissal of the action; (4) AA WPG has consented to the jurisdiction of this court; (5) the German Action violated the stay; and (6) *Edisto* is not good authority for retroactively annulling the automatic stay in this case. Response of Peregrine Systems, Inc. to Memorandum of [AA WPG] of Certain Open Issues, Dkt. 3164.

At the December 16, 2003, hearing the court informed the parties that reply briefs would not be permitted but upon AA WPG's request the court allowed it to file a reply with respect to the reasonableness of the attorneys' fees and costs sought by Debtors. The substance of the reply filed by AA WPG was not in compliance with the court's instructions and we therefore

---

12. Peregrine's supporting affidavits were filed a day late and AA WPG therefore asks this court to strike the affidavits. With the advent of electronic filing documents can be filed with the court 24 hours a day. The Notices of Electronic Filing establish that at most the affidavits were filed one hour and one minute late. There is no prejudice to AA WPG and its request is denied.

accept the reply only as it pertains to the reasonableness of the fees and costs.[13]

## DISCUSSION

### A. AA WPG's Motion to Reconsider the May 28, 2003, Order

Pursuant to Fed.R.Civ.P. 60(b), made applicable to this case with certain exceptions by Fed.R.Bankr.P. 9024, a court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b)(1). Here, AA WPG seeks reconsideration under Fed.R.Civ.P. 60(b)(6) which is invoked only if one of the other grounds enumerated is not applicable. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), citing *Klapprott v. U.S.*, 335 U.S. 601, 613, 69 S.Ct. 384, 93 L.Ed. 266 (1949).[14] No other ground stated in Rule 60(b) is applicable.

In the matter before us, AA WPG seeks reconsideration of this court's May 28, 2003, order directing it to obtain an order from the appropriate German tribunal that suspends AA WPG's action, pending further order of this court. AA WPG was required to do so by June 2, 2003. *See* Order of May 28, 2003, Dkt. No.1904. AA WPG failed to do so and now asks us to change the language of that order to provide that

> AA WPG shall file and serve a Certification of Counsel stating that it has taken all steps within its power under German procedure to initiate the process of suspending the action commenced in Germany by AA WPG against the Debtors.

Dkt. No.1995.

### 1. AA WPG is in Violation of the May 28, 2003, Order

■ In an attempt to comply with the May 28 order, on or about May 30, 2003, AA WPG filed a motion in the German action which, translated, read as follow:

> In accordance with § 251 Para. 1 sentence 1, ZPO (German Code of Civil Procedure), we petition

---

**13.** At the December 16, 2003, hearing, the court noted that generally replies are required to be limited to five pages and this reply exceeded that limit. The court also noted that the reply did not just address Debtors' opposition to AA WPG's motion for relief from stay but reargued matters already raised. *See* Transcript of December 16, 2003, Dkt. No. 3176, at 46.

**14.** In *Liljeberg*, the Supreme Court said:
In *Klapprott* ... we held that a party may "not avail himself of the broad 'any other reason' clause of 60(b)" if his motion is based on grounds specified in clause (1)— "mistake, inadvertence, surprise or excusable neglect." Rather, "extraordinary circumstances" are required to bring the motion within the "other reason" language and to prevent clause (6) from being used to circumvent the 1-year limitations period that applies to clause (1). This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.
486 U.S. at 864 n. 11, 108 S.Ct. 2194. In *Liljeberg* the court concluded that extraordinary circumstances existed so that the motion was proper under clause (6). In the matter before us, no extraordinary circumstances were alleged or established.

to order a suspension of the proceedings.

Supporting argument:

The Plaintiff has filed a petition with the bankruptcy court having jurisdiction over the Defendant's bankruptcy proceedings, the United States Bankruptcy Court for the District of Delaware. With its petition Plaintiff requests as a precaution the determination that in view of the action for a negative declaratory judgment filed before the Frankfurt am Main District Court a suspension of proceedings pursuant to § 362 of the Bankruptcy Code of the United States not take place on the merit of its purely negating and merely defensive nature.

From information received by us regarding a proceeding before the Bankruptcy Court, we have inferred that the Defendant in particular finds the efforts associated with the preparation of the substantive answer to the complaint to be burdensome.

The Plaintiff is convinced that the charges filed against it in the California impleader action are without factual and legal foundation. It is therefore proceeding on the premise that the Defendant will no longer oppose the action for a negative declaratory judgment as soon as it has had adequate opportunity to thoroughly study the facts of the case also with regard to the Plaintiff. In order to give the Defendant the possibility to do so, and specifically without the pressure of an answer to a complaint that must be filed with the Frankfurt am Main District Court, the Plaintiff deems it appropriate, on the grounds of procedural economy, an admittedly significant reason, that a suspension of the proceedings be ordered.

In order to enable the Defendant, without pressure, to also motion in turn for a suspension of proceedings, in view of § 225 Para. 2 ZPO we hereby initially give our consent to a further extension of the time period for submission of the answer to complaint.

Luther Menold

Law Corporation Inc.

s/

Dr. Ulrich Theune

*See* Peregrine Systems, Inc's Motion for Costs, Dkt. No.2011, Declaration of Christian Scholz at Exhibit B. AA WPG argues that its motion for reconsideration and its filing in the German Action comply with the spirit of this court's May 28, 2003, order because, *inter alia,* it could not obtain an order in compliance with this court's order without Peregrine's consent.

Peregrine, however, paints a very different picture. As set forth in the Declaration of Christian Scholz, an attorney in Germany, under ZPO, § 269, ¶ 1, an action can be withdrawn by the plaintiff filing a simple brief withdrawing the action; court approval is not required. Consent of the defendant is required only when a hearing has already taken place. In addition, pursuant to ZPO § 269, ¶ 6, a plaintiff is entitled to refile a withdrawn action as long as it has reimbursed the defendant for its costs in the first action. *See* Declaration of Christian Scholz, *supra.* Mr. Scholz's affidavit is supported by a translation found by the court. Charles E. Stewart's translation of § 269 provides:

(1) The complaint may be withdrawn without the consent of the defendant only until the opening of the oral argument on the principle issue by the defendant.

(2) The withdrawal of the complaint ... shall be declared to the court ... by filing a pleading.

(3) ... The Plaintiff shall be obligated to bear the costs of the action, to the

extent that a final decision thereon has not already been made or they are to be borne by the defendant. . . .

(4) In the event that the complaint is refiled, the defendant may refuse to appear until such costs have been reimbursed.

Charles E. Stewart, German Commercial Code & Code of Civil Procedure in English (2001). The Declaration of Christian Scholz filed in support of Peregrine's position states that AA WPG sought to suspend the German Action under Ruhen des Verfahrens, § 251 ZPO, which provides that a stay shall be ordered by the court only if both parties agree and, thus, the action is rendered inactive. Thereafter, either party may apply for the action to continue which would end the stay. Scholz Declaration at ¶ 8, Dkt. No.2011. The Charles Stewart translation of § 251 ZPO provides that the court shall order a suspension of proceedings in the event that both parties request a suspension and that such an order would be expedient in light of pending settlement negotiations or other material grounds. Charles E. Stewart, German Commercial Code & Code of Civil Procedure in English (2001).

Alternatively, AA WPG could suspend the proceedings under § 148 ZPO, Aussetzung des Verfahrens. This section, as translated by Charles Stewart provides:

> The court may, in the event that the resolution of the case depends in whole or in part on the existence or non-existence of a legal relationship constituting the subject of another pending action or to be determined by an administrative agency, order the trial to be adjourned until the other action is completed or the decision made by the administrative agency.

*Id.* This action does not require the defendant's consent and is applicable to proceedings in foreign countries. *See* Scholz Declaration.

Based on the foregoing sections of the German ZPO, this court finds that AA WPG could have complied with the letter and not just the "spirit" of this court's May 28, 2003, order and failed to do so.

At the hearing on May 28, 2003, this court found that under applicable Third Circuit law the German Action was void *ab initio* as it was filed in violation of the stay. AA WPG was ordered to withdraw it based on the discussion at that hearing. AA WPG failed to do so, represented to this court that it was impossible to do so without being forever barred from reinstituting the suit. Thus, the court permitted AA WPG to obtain a suspension of the German proceeding pending further order from this court. Subsequent briefing has established to this court's satisfaction that AA WPG could in fact have withdrawn the action without prejudice [15] and refused to do so without justification under the proper interpretation of German civil procedure law. AA WPG was informed at the May 28 hearing that sanctions would be imposed if AA WPG did not comply with the May 28 order. AA WPG has not established grounds for reconsideration of that order. Its motion for reconsideration is denied.

B. *AA WPG's Motion to Determine that the German Action is Not in Violation of the Automatic Stay*

 Section 362(a) of the Bankruptcy Code provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 for this title . . .

---

15. Although under German law the procedure and terminology is different from that used in this country, the result would have been the same.

operates as a stay, applicable to all entities, of–

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

Most important, the stay is automatic; it is triggered by the filing of a bankruptcy petition and is applicable against all entities, irrespective of whether the entity is aware that the petition was filed. *See Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3d Cir.1991). Although the scope of § 362(a) is intended to be broad, the automatic stay is not permanent. Once it is triggered it "continues until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay." 959 F.2d at 1206. The Court of Appeals for the Third Circuit continues to hold that absent relief from the stay, actions and proceedings against a debtor are void, not voidable. *Id.*

■ Section 362 is a fundamental protection provided to a debtor for the purpose of stopping all creditor collection efforts and harassment of the debtor and to provide the debtor a fresh start. *Id.* at 1204; *Matter of M. Frenville Co., Inc.,* 744 F.2d 332, 334 (3d Cir.1984). The stay is designed to maintain the status quo between the debtor and creditors and to prevent a race to the courthouse for the debtor's assets. *See generally Taylor v. Slick,* 178 F.3d 698, 702 (3d Cir.1999), *cert. denied,* 528 U.S. 1079, 120 S.Ct. 797, 145 L.Ed.2d 672 (2000); *Matter of Edisto Resources Corp.,* 158 B.R. 954, 958 (Bankr. D.Del.1993).

■ In resolving the motion for determination that the stay does not apply, this court must examine two issues: (1) whether the German Action could have been commenced before Debtors filed bankruptcy or (2) whether that Action is to recover a claim against the Debtors that arose prepetition. If either question is answered in the affirmative, the German Action was filed in violation of the stay.

AA WPG argues that the German Action was not filed in violation of the stay because it could not have been brought prior to the commencement of the bankruptcy and the Debtors' California Action inasmuch as AA WPG was not aware of the claims against it until then.[16] In sup-

**16.** We need not determine whether AA WPG knew of the claims asserted against it prior to Peregrine's bankruptcy. However, we note that AA WPG argues that it could not have brought the German Action sooner because it did not have knowledge of Peregrine's claims until news releases after September 23, 1002. However, as of May 6, 2002, Peregrine announced that its board of directors had authorized an audit committee to investigate potential accounting inaccuracies in recently completed 2001 and 2002 fiscal year statements which were discovered after Peregrine engaged KPMG to replace Arthur Andersen LLP as its accountants—the investigation revolved around revenue recognition irregularities totaling approximately $100 million. In a May 23, 2002, press release, Peregrine announced that it would restate its financial statements for fiscal years 2000 and 2001 and the first three quarters of fiscal year 2002 based on information resulting from its internal investigation into accounting errors and irregularities. The press release indicated that the Securities and Exchange Commission commenced a formal investigation into the company's accounting practices. Furthermore, on May 24, 2002, Peregrine announced that Arthur Andersen LLP notified the company's board of directors that as a result of the May 23, 2002, press release, the financial statements of Peregrine and related audit re-

port of this assertion AA WPG relies on *Matter of M. Frenville Co., Inc.*, 744 F.2d 332 (3d Cir.1984). We disagree with AA WPG's assertion that the matter before us clearly requires the same outcome as that reached in *Frenville.*

The threshold issue in *Frenville* was "whether the automatic stay provision applies to situations in which the acts of the debtor occurred before the filing of the bankruptcy petition yet the cause of action stemming from those acts arose post-petition". 744 F.2d at 333. In *Frenville*, the creditors of the debtor filed an involuntary bankruptcy petition, and later against two of the debtor's principals, Rudolph Frenville, Sr., and Rudolph Frenville, Jr. Post-petition, the banks filed suit against the accounting firm engaged by the company as an independent auditor and accountant. The banks' suit alleged that the accounting firm had negligently and recklessly prepared the financial statements for the debtor. The accounting firm filed a complaint in the bankruptcy court seeking relief from the automatic stay to join the individual debtors as third-party defendants in the New York state proceeding. The purpose of the third-party complaint was to obtain indemnification or contribution from the individual Frenvilles in the state court action pending against the accounting firm. The court of appeals determined that the accounting firm's cause of action arose when it obtained a right to payment. 11 U.S.C. § 101(5)(A).[17] The court looked to state law to ascertain at what point the accounting firm's claim arose. Under the applicable law, that of

New York, a claim for contribution or indemnification did not "accrue at the time of the commission of the underlying act, but rather at the time of the payment of the judgment flowing from the act." 744 F.2d at 337. Thus, until the banks instituted suit against it, the accounting firm did not have a cause of action for contribution or indemnity. The court held that the automatic stay did not apply to the accounting firm's third-party complaint in state court inasmuch as its cause of action arose postpetition.

The situation in the instant case is distinguishable from *Frenville.* First, in the matter at bench it is not Debtors' conduct that is at issue but the conduct of AA WPG. Debtors' cause of action arose prepetition based on the alleged negligent prepetition conduct of AA WPG which is the basis of the California Action. The fact that Debtors brought suit postpetition does not change the prepetition nature of the action. This is not a cause of action that arises by operation of the Bankruptcy Code. AA WPG's German Action is in the nature of a declaratory judgment action. *See* Declaration of Ulrich Theune, Dkt. No. 1890. AA WPG admits, however, that it filed the German Action to obtain priority of service and for a specific determination that it was not liable to Peregrine for its prepetition conduct. The German Action clearly concerns the same subject matter as that at issue in the California Action. AA WPG asserts that the German Action was filed "purely as a defensive measure". Motion of [AA WPG] for Determination

---

ports for fiscal years 2000 and 2001, and the unaudited statements for the first three quarters of 2002 should not be relied upon. These press releases began four months prior to Peregrine's petition date and the filing of the California action, and clearly establish that Arthur Anderson was aware of the issue prepetition. *See* Exhibits 1, 2, and 3 to Affidavit of Maureen A. Sheehy in Support of [Debtor's

Response to [AA WPG's] Memorandum on Certain Open Issues and Supplemental Affidavit in Support of Motion for Costs, Attorneys' Fees, and Other Sanctions Under 11 U.S.C. Section 362(h)].

**17.** At the time *Frenville* was decided, the applicable section was 101(4)(A).

that the Automatic Stay Does Not Apply ..., Dkt. No. 1341 at ¶ 10. AA WPG asserts that it could not have brought its action until Debtors filed suit against it. Opposition of [AA WPG] to Motion of [Debtors] for Costs, ..., at 15. Dkt. No. 2150. Nonetheless, AA WPG acknowledges that a § 256 ZPO action is not contingent on the fact that another lawsuit has been filed—the § 256 ZPO action can be filed if and when a claim is asserted without any factual or legal basis. Dkt. No. 2150, Exhibit 2, at ¶ 2. The Stewart translation of § 256 of the ZPO provides that:

> (1) An action may be brought for the determination of the existence or nonexistence of a legal relationship ... in the event that the plaintiff has a legal interest in the immediate judicial determination of the legal relationship ....

Moreover, the allegations made in the German Action could be raised as defenses in the Debtors' California Action which the Debtors could have instituted prepetition although it was actually filed postpetition.

AA WPG admits that it filed the German Action to obtain "priority of service" because, it opines, it otherwise would forever lose the right to bring that action. Its stated aim, therefore, was to thwart the California Action. *See* Motion for Relief from Stay, Dkt. No. 2855, at 3. The German Action was clearly one that arose in connection with prepetition conduct alleged by Debtors against AA WPG. It is barred by the stay as an "action or proceeding against the debtor that ... could have been commenced" prepetition. 11 U.S.C. § 362(a)(1). It is settled in this Circuit that a declaratory judgment is a binding adjudication of rights which is conclusive in a subsequent action between the parties. *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1431, n. 17 (3d Cir.1994)("[W]hen there is an actual

adjudication of an issue in a declaratory judgment action regarding a debt not due, the adjudication may be preclusive under collateral estoppel principles as to that issue in a later action to recover the debt"). As such, AA WPG's German Action was an action against the Debtors in violation of the stay, as the theory of relief is styled with respect to prepetition events that were known to the parties.

### C. *AA WPG's Motion for Relief From Stay*

■ Although § 362(a) of the Bankruptcy Code provides for an automatic stay, subsection (d) provides that

> on request of a part in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause ...

11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause", the determination of which is left to the courts to make based on the totality of circumstances on a case-by-case basis. *Se, e.g., In re Wilson*, 116 F.3d 87, 90 (3d Cir.1997). The court of appeals noted in *Wilson* that the legislative history provides that

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

116 F.3d at 91, *quoting* S.Rep. No. 95–989 at 50 (1978), *reprinted in* 1978 U.S.C.C.A.N 5787, 5836.

■ Although there is no rigid test for determining whether cause exists to grant relief from stay, courts generally consider three factors: (1) the prejudice suffered by the debtor and debtor's estate if the stay is

lifted to allow the continuation of a civil law suit; (2) the balancing of hardship between the parties; and (3) the probable success on the merits if the stay is lifted. *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D.Del.1993); *In re Unidigital, Inc.*, 2000 WL 33712306 *1 (Bankr.D.Del., Dec.8, 2000); *In re Integrated Health Services, Inc.*, 2000 WL 33712483 *1 (Bankr. D.Del., Aug.11, 2000); *Matter of Rexene Products Co.*, 141 B.R. 574 (Bankr.D.Del. 1992).

### 1. *Prejudice to Peregrine*

■ AA WPG seeks to have the court annul the stay retroactively to the filing of the German Action. AA WPG argues that Peregrine would not be prejudiced because Peregrine benefited from its breathing spell. Moreover, AA WPG asserts a good faith belief that its actions did not violate the stay and its assertion that it promptly brought the question of the stay to the court's attention. AA WPG argues that this case is similar to *In re Continental Airlines, Inc.*, 152 B.R. 420 (D.Del.1993). In *Continental Airlines* the court stated:

> [w]here neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay.

152 B.R. at 426 (citations omitted).

This court finds that annulment of the stay would prejudice Peregrine. Peregrine would have to defend itself in a foreign country and faces the risk of inconsistent judgments. If the stay is lifted effective retroactively, AA WPG will benefit from its violation of the stay thereby gaining a priority it otherwise may not have achieved. AA WPG's admission that the main purpose of filing the German Action was to achieve priority of service establishes a clear effort at forum shopping, to the detriment of the Debtors.

### 2. *Balancing of Hardship*

The court must balance the prejudice to the Debtors against the hardship to AA WPG. AA WPG has not provided evidence of hardship. First, as previously discussed, AA WPG could refile the German Action if it withdrew it. *See* Dkt. No.2011, Declaration of Christian Scholz at Exhibit B. Second, AA WPG may defend itself in the California Action and/or raise counterclaims there. If the stay were to be lifted, however, Peregrine would be litigating on two fronts, Germany and California. Further, the California Action involves defendants in addition to AA WPG. The German Action is based on the same facts, circumstances and law as the California Action and the California Action was the first commenced. If relief from stay is granted retroactively Peregrine would incur duplicate effort and cost with respect to the same underlying facts pertaining to AA WPG's alleged improper accounting. Litigating the same basic action in two fora risks inconsistent judgments and is inherently inefficient and a waste of resources.

### 3. *Probability of Success on the Merits*

Neither party provided evidence with respect to this factor. In *In re Continental Airlines, Inc.*, *supra*, the court stated that "even a slight probability of success on the merits may be sufficient to support lifting of the stay in an appropriate case." *In re Continental Airlines, Inc.*, 152 B.R. at 426. Here, there is no evidence of the slightest probability of success on the merits. For these reasons, it would be inappropriate to lift the stay.

### D. *Retroactive Relief from Stay*

■ The Court of Appeals for the Third Circuit has determined in a case with facts not on point with this case, that the bankruptcy court may annul the stay retroactively under § 362(d)(2), thereby

validating the proceedings that would otherwise be void *ab initio*. *See In re Siciliano*, 13 F.3d 748, 751 (3d Cir.1994)(concerning retroactive annulment of the stay where the debtor had no equity in property and the property was not necessary for an effective reorganization). However, this motion seeks relief from stay "for cause" under § 362(d)(1). The moving party has the initial burden of establishing that cause exists for relief from stay. *See In re Milstein*, 304 B.R. 208, 212 (Bankr. E.D.Pa.2004)(courts have interpreted 11 U.S.C. § 362(g) "as requiring that the movant establish a *prima facie* case that cause exists to lift the stay"). Here, AA WPG has failed to meet its burden.

AA WPG asserts that if its service of process in the German Action was a violation of the stay, it was technical and because the German Action has been suspended, Peregrine has not been prejudiced. Motion for Relief from Stay, Dkt. No. 2855, at 3. As will be discussed, Peregrine has been prejudiced. Moreover, the German Action, because filed in violation of the stay, technical or not, is void. Furthermore, AA WPG waited until November of 2003 to seek relief from stay when it should have done so prior to filing its German Action. In addition, it did not file its motion for determination of the applicability of the stay until after it filed its German Action.

AA WPG cites *Matter of Edisto Resources Corp.*, 158 B.R. 954 (Bankr.D.Del. 1993). Motion for Relief from Stay at 13, 15. Dkt. No. 2855. In *Edisto*, minority shareholders of Multiflex filed a state court lawsuit alleging mismanagement of Multiflex, a nondebtor corporation, 80 percent of the shares of which were owned by debtors Edisto, Inc. and NRM Operating

Company, L.P. The state court suit sought damages and the appointment of a receiver. The debtors filed an adversary in bankruptcy court alleging that the filing of the state court action violated the § 362 stay. Initially, in addition to seeking damages for violation of the stay, the debtors sought injunctive relief through plan confirmation. Debtors amended the adversary complaint to seek a permanent injunction.

Before the hearing on the request for preliminary injunction in the bankruptcy court, the state court plaintiffs "consensually enjoined themselves" from proceeding in the state court action. 158 B.R. at 956. After the debtor's plan was confirmed and became effective, the state court plaintiffs moved for summary judgment in the adversary, asserting, *inter alia*, that the stay no longer existed by operation of law[18] and was no longer needed to provide debtors respite from their creditors while formulating a plan. The bankruptcy court agreed, concluding that the debtor could protect its property rights without an injunction from the bankruptcy court by defending the state court action. However, the court nonetheless permitted the issue of the debtor's claim for its costs and fees in prosecuting the adversary and defending the state court action to go forward. The court stated that, once the fees and costs and were paid, "sufficient cause will exist . . . to annul the stay . . . ." 158 B.R. at 954.

*Edisto* is distinguishable from the case at bench. In *Edisto* it was not the debtors who were sued but their wholly owned subsidiary. Secondly, in the matter before us, the California Action already existed, although the complaint had not been served on AA WPG, at the time the Ger-

---

**18.** Section 362(c) provides that the stay continues "until the earliest of—(A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 . . . 11, . . . the time a discharge is granted or denied."

man Action was filed. The subject matter of the California and German Actions and the relief sought therein is substantially similar—i.e., a determination of the parties' rights and obligations with respect to AA WPG's accounting work for Debtors. In *Edisto* the state court action was against a nondebtor's directors initiated by nondebtor minority shareholders. In the instant matter the California Action was filed by the Debtors against one of its prepetition professionals; the German Action was initiated by the same prepetition professional and was based on the same transactions giving rise to the California Action.

Moreover, AA WPG filed the German Action to obtain priority of service over Peregrine solely to gain a litigation advantage. Peregrine will have to litigate in both the California Action against some defendants, and defend against the German Action if the stay is annulled. Any findings in the German Action could have an impact on the outcome of the California Action. Merely paying Peregrine's costs and attorneys' fees in the German Action in accordance with German law would not restore Peregrine to the same position it held prior to commencement of the German Action.

Even though the automatic stay of § 362 terminated in this case when the plan was confirmed, the fact remains that AA WPG violated the stay when it filed the German Action naming Debtors as defendants. AA WPG refused to dismiss its action, failed to suspend it, and inaccurately represented applicable German law to this court in seeking reconsideration of this court's May 28, 2003, order. Furthermore, the order

confirming Peregrine's plan itself enjoins actions against

> the Debtors, the Reorganized Debtors, their successors or their property, any other or further claims, debts, rights, causes of action, liability or equity interests based upon any act, omission, transaction or other activity of any nature that occurred prior to the Confirmation Date.

*See* Order Confirming Fourth Amended Plan of Reorganization, as Modified, Dated July 14, 2003 (Order Entered July 18, 2003), at 10, ¶ 31. Dkt. No. 2260. Thus, even though the § 362 automatic stay has ended, Peregrine's plan and the order confirming the plan act as a post-confirmation injunction.

Similarly, AA WPG relies on *In re Continental Airlines, Inc.,* 152 B.R. 420 (D.Del.1993). In *Continental* the debtor sued American Airlines postpetition for alleged antitrust violations. Prepetition, Continental had sued American in California and the parties had settled. When the postpetition action was brought American sought relief from stay to file a motion in the California court for a declaration that the earlier settlement barred introduction of certain evidence in the postpetition action. Relief from stay was granted. Again, AA WPG's reliance on *Continental* is misplaced. AA WPG did not seek relief from stay before it pursued its German Action. Further, there had been no prior proceeding in Germany or in any other forum that had been resolved prepetition. Its German Action was intended and designed to obtain a procedural advantage and to thwart the California Action. Debtors' cause of action against AA WPG is a prepetition asset of the Debtors' estates.[19]

---

**19.** AA WPG cites other cases in its motion for relief from stay in which courts granted retroactive relief from stay. *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984), the court

granted retroactive relief even though appellees were aware of the bankruptcy filing when they conducted the foreclosure sale. However, the court found that relief from stay would

AA WPG's conduct was an attempt to affect that asset. AA WPG's conduct was in violation of the stay.[20]

AA WPG also relies on *Stonington Partners, Inc. v. Lernout & Hauspie Speech Products N.V.*, 310 F.3d 118 (3d Cir.2002), for the proposition that the bankruptcy court's interference with the German Action would violate Third Circuit policy against enjoining foreign actions. That case involved a debtor who filed for relief under the Bankruptcy Code in the United States and a day later filed an insolvency proceeding under the laws of Belgium where it was incorporated. The court of appeals reversed the bankruptcy court's decision that certain issues be determined exclusively by the bankruptcy court, concluding that the bankruptcy court had not considered all relevant legal principles. The court of appeals remanded the action for a determination, *inter alia*, of whether the bankruptcy court's order enjoining the creditor from prosecuting certain issues under Belgian law was an inappropriate anti-suit injunction.

We disagree that *Stonington* is dispositive of the issue before this court. First, in the matter at bench the Debtors did not institute any type of action in a foreign court. The court of appeals specifically noted that the debtor in *Stonington* had initiated the foreign proceeding. 310 F.3d at 128. Second, the issue before this court concerns AA WPG's violation of the automatic stay. It is not a jurisdictional issue. Furthermore, the court of appeals in *Stonington* pointed out that there was "no indication that the Belgian proceeding's sole purpose was to deprive the United States court of its jurisdiction." *Id.* In the instant case, AA WPG admits that its intent was to obtain priority of service, so as to adversely affect the ability of the California court to adjudicate the claims. Third, by virtue of the allegations presented in the California Action, AA WPG is not a creditor of these Debtors but is a debtor to them. Fourth, we are not "[r]estraining a party from pursuing an action in a court of foreign jurisdiction" in the sense that *Stonington* addressed. *See* 310 F.3d at 127 (citations omitted). Fifth, and of paramount importance, the German Action is

have been granted because the debtor lacked equity in the property foreclosed upon and had no realistic prospect of effectively reorganizing. Furthermore, the court found that the bankruptcy had not been filed in good faith. Moreover, the debtor's asserted interest in the property had previously been litigated and found not to exist. *Albany Partners* is inapplicable to the situation before us. *See also In re Easley*, 2001 WL 755460 (Bankr. E.D.Pa., June 26, 2001)(retroactive relief from stay granted where debtor had no hope of proposing a confirmable chapter 13 plan that would have allowed her to retain the property that was sold at foreclosure postpetition; there was no legitimate purpose to be realized by enforcing the stay).

Similarly inapplicable are *In re National Environmental Waste Corp.*, 129 F.3d 1052 (9th Cir.1997), *cert. denied* 524 U.S. 952, 118 S.Ct. 2368, 141 L.Ed.2d 736 (1998), where retroactive relief from stay was granted when the debtor had taken no action with respect to

the violation of the stay until after it confirmed its plan and where the debtor in fact confirmed its plan in reliance on the fact that the city had terminated its waste hauling contract.

20. In its motion for relief from stay AA WPG asserts that the fact that it obtained a procedural advantage over Debtors by filing the German Action was "the result of Peregrine's own failure to pursue its case against AA WPG" in California. Motion for Relief from Stay at 16, Dkt. No. 2855. Peregrine did not "fail[ ] to pursue its case". Although there was some delay in serving AA WPG with the complaint in the California Action, part of the delay was due to AA WPG's name change. The issue of service of the California Action was dealt with on the record during the hearings on the AA WPG matter and we will not revisit it here.

*void* under applicable law of this circuit. *In re Siciliano,* 13 F.3d 748 (3d Cir.1994). The proceedings in Belgium, as addressed in *Stonington,* were not void.[21]

This bankruptcy case is not on a par with *Siciliano* or any of the other cases cited by AA WPG to support its argument that relief from stay should be granted. This case was filed on September 22, 2002. The California Action was filed postpetition, on or about September 23, 2002. AA WPG's German Action was filed on December 19, 2002, three months after the petition date. It was filed merely to bolster what AA WPG perceived as a procedural advantage at the expense of Debtors and their estates. Moreover, AA WPG did not file its motion for relief from stay until November, 2003, almost a year after it filed the German Action. Thus, even though in certain circumstances the court has the authority to grant retroactive relief from the stay, the circumstances of this case do not warrant such a result.

E. *Sanctions*

 Section 362(h) of the Bankruptcy Code provides that

[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h). The Court of Appeals for the Third Circuit has held that a "willful" violation of the stay does not mean that the creditor must have intended to violate the stay, only that the creditor acted "with knowledge that the bankruptcy petition has been filed. . . . it requires that the acts which violate the stay be intentional." *Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. General Motors Corp.,* 337 F.3d 314, 320 n. 8 (3d Cir.2003), *cert. denied* —— U.S. ——, 124 S.Ct. 2172, 158 L.Ed.2d 732 (2004), *quoting Lansdale Family Restaurants Inc. v. Weis Food Service,* 977 F.2d 826, 829 (3rd Cir.1992). *See also Solfanelli v. Corestates Bank, N.A.,* 203 F.3d 197, 203 (3d Cir.2000). The party's good faith belief that it had a right to take the action is not relevant to whether the act was willful or to whether compensation must be awarded. *In re University Medical Center,* 973 F.2d 1065, 1088 (3d Cir.1992), citing *In re Atlantic Business and Community Corp.,* 901 F.2d 325, 329 (3d Cir.1990).

 We find that damages are appropriate in this case. Actual damages include attorneys' fees and costs. *Solfanelli v. Corestates Bank, N.A., supra,* 203 F.3d at 202. In addition, the bankruptcy court has discretion to impose punitive damages "in appropriate circumstances". *Id.*

---

**21.** In its motion for relief from stay, Dkt. No. 2855, AA WPG argues that this court should deny the relief sought by Peregrine as it could result in "ultimate prejudice to AA WPG by eliminating the priority of service now held by AA WPG, and thus terminating forever the German Action." *Id.* at 6. AA WPG asserts that such a result would violate this circuit's prohibition of anti-suit injunctions against foreign legal proceedings. *Id.* at 6–7. In *Stonington* the court of appeals held that United States courts should show "great restraint" with respect to interfering with foreign proceedings and that such interference should be rare. *Stonington, supra,* 310 F.3d at 127. The court of appeals noted that enjoining a foreign proceeding is permissible "on the rare occasions when needed 'to protect jurisdiction or an important public policy.'" *Id.* (citations omitted). However, we are not enjoining a foreign proceeding; applicable law provides that the proceeding is void. Furthermore, the issue before the court of appeals did not concern a matter filed in violation of the automatic stay. Whereas this court has serious concerns for comity, it has equally serious concerns for the policies of the Bankruptcy Code.

Here, Peregrine incurred actual damages in defending against the German Action because it was required to retain German counsel to prepare a defense to that action. The legal work required included legal research, factual investigation, review of various pleadings, correspondence with Peregrine's United States counsel, and U.S. counsel's legal assistance as well as various hearings before this court with respect to the several motions occasioned by the violation of the stay. Debtors' response to AA WPG's Memorandum on Certain Open Issues and in Support of Motion for Sanctions, Dkt. No. 3164, includes a chart summarizing Debtors' attorneys' fees and costs:

| Motion or Hearing | Attorney Time | Attorney Fees | Paralegal Time | Paralegal Fees |
|---|---|---|---|---|
| Defense of German Action | 14.4 hours | $ 6,365.00 | | |
| AA WPG Motion for Determination That Stay Does Not Apply and May 28, 2003 Hearing | 71.7 hours | $20,222.00 | 10 hours | $1,000.00 |
| Peregrine Motion for Sanctions | 50.4 hours | $13,833.00 | 11.45 hours | $1,145.00 |
| AA WPG Motion for Reconsideration | 11.8 hours | $ 3,512.00 | 1.25 hours | $ 125.00 |
| July 21, 3003 hearing | 27.8 hours | $ 7,140.00 | 5 hours | $ 500.00 |
| AA WPG Motion for Relief from Stay | 64 hours | $17,212.00 | 1.1 hours | $ 110.00 |
| December 16, 2003 hearing | 23.3 hours | $ 6,871.00 | 2.75 hours | $ 275.00 |
| AA WPG Memorandum on Certain Open Issues | 84.1 hours | $22,976.00 | 2.5 hours | $ 250.00 |
| | | $98,131.00 | | $3,405.00 |

| Hearings | Costs and Expenses |
|---|---|
| May 28, 2003 hearing, for hotel and travel | $ 613.89 |
| July 21, 2003 hearing, for hotel and travel | $ 638.00 |
| December 16, 2003 hearing, for hotel and travel | $ 779.32 |
| Translations costs | $ 103.14 |
| | $2,134.35 |

| Activity of Christian Scholz (German Counsel) | Attorney Time | Attorney Fees |
|---|---|---|
| Defense of German Action | 10 hours | $3,275.84 |
| Providing counsel regarding German law to Legal Strategies Group | 5 hours | $1,851.56 |
| | | $5,127.40 |

*See also* Objection of Debtor[s] to Motion of [AA WPG] for Determination that the Automatic Stay Does Not Apply, Declara-

tion of Christian Scholz, Dkt. No. 1647; Debtors' Motion for Sanctions, Affidavit of Maureen A. Sheehy, Affidavit of Christian Scholz, Dkt. No.2011; Supplemental Affidavit of Maureen A. Sheehy, Dkt. No. 3165; Supplemental Declaration of Christian Scholz, Dkt. No. 3166. The court also notes that the amount of $1,570.46 included in Christian Scholz's Supplemental Declaration does not seem to be included in Debtors' summary above. Debtors have not sought to supplement their fees and costs statement. Therefore, the only amount before the court for consideration is $110,368.21.

We find that the fees and costs sought by Peregrine are reasonable under the circumstances. Peregrine had to engage German counsel and required additional services of its U.S. counsel in order to address the action filed by AA WPG in violation of the stay. The fees and costs were exacerbated by AA WPG's conduct and multiple motions filed, particularly after this court ruled that the German Action was void. AA WPG has not presented anything to this court that indicates that Peregrine's requested fees and costs are unreasonable or were incurred unnecessarily.

 Section 362(h) of the Bankruptcy Code authorizes punitive damages in "appropriate circumstances". Despite AA WPG's recalcitrance with respect to this matter and despite what this court finds was a misrepresentation of applicable provisions of the German ZPO, we decline to impose punitive sanctions at this time. However, if there is any further delay by AA WPG in compliance with this court's order with respect to the German Action the court will consider punitive damages, in an amount to be determined, for every day in which the German Action remains pending, beginning one calendar week from the date this Memorandum Opinion and Order are docketed. In addition, the court will consider further sanctions which may include, but not be limited to, punitive sanctions for every day the sanctions awarded herein are not paid after one calendar week from the date this Memorandum Opinion and Order are docketed.

*Conclusion*

For the reasons set forth above, we deny AA WPG's motion to reconsider, its motion to determine that the stay does not apply to its German Action, and its motion for relief from stay. In addition, Peregrine's motion for sanctions for AA WPG's violation of the automatic stay is granted and the court will impose sanctions, pursuant to 11 U.S.C. § 362(h), against AA WPG in the amount of $110,368.21.

An appropriate order will be entered.

**ORDER**

**AND NOW,** this 8th **day of** September, **2004, for the reasons expressed in the foregoing Memorandum Opinion, it is** ORDERED that

(1) AA WPG's motion to reconsider is **DENIED;**

(2) AA WPG's motion to determine that the stay does not apply to its German Action is **DENIED;**

(3) AA WPG'S motion for relief from stay is **DENIED.**

It is **FURTHER ORDERED** that the German Action is void *ab initio* and AA WPG shall cause its German Action to be dismissed within 30 days hereof. Failure to file with this court a copy of an order of an appropriate German court (translated into English unless written in English by the German court) within 30 days hereof shall result in additional sanctions.

It is **FURTHER ORDERED** that Debtors' motion for sanctions pursuant to 11

54

U.S.C. § 362(h) is **GRANTED** and sanctions are awarded in favor of Debtors and against AA WPG in the amount of $110,368.21.